UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

19-5032 FB SMG

--------------------------------------------------------------X

SHAMEIK NIXON,

Plaintiff,

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

-against-

THE CITY OF NEW YORK,
SERGEANT ROBERT MARTINEZ,
POLICE OFFICER ADRIAN THEOBALD,
LIEUTENANT BOBO,
POLICE OFFICER LUIS NARANJO, SHIELD No. 29890,
POLICE OFFICER LOUIS STEPHENSON, SHIELD No. 30662,
POLICE OFFICER RAMIL CASIMIR, SHIELD No. 11100, and
POLICE OFFICER NOEL DAMICO, SHIELD No. 12566
all individual defendants herein are sued in their capacity as individuals,

Defendants.

----------------------------------------------------------------X

Plaintiff SHAMEIK NIXON, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

1. This civil rights action arises from the false arrest, denial of due process and the malicious prosecution of the plaintiff by the defendant police officers who at all times relevant were members of the New York City Police Department (hereinafter the NYPD).

**JURISDICTION AND VENUE**

2. Jurisdiction is founded upon the existence of a Federal Question.

3. This action arises under 42 U.S.C. §1983 and the First, Fourth and Sixth Amendments as well as pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution.

4. Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

5. Pursuant to 28 U.S.C. §1391(a) (1 & 2) (b) (1 & 2), venue is proper in the Eastern District of New York because events forming the basis of this Complaint occurred in this District.

**PARTIES**

6. At all times relevant, plaintiff SHAMEIK NIXON, was a resident of the City and State of New York and the County of Kings and he is a light skinned African American male.

7. Upon information and belief, at all times hereinafter mentioned, the City of New York (hereinafter, NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the NYPD), including all the police officers thereof.

9. At all times relevant, defendants SERGEANT ROBERT MARTINEZ (retired, formerly of the 75th Precinct Anti-crime unit) POLICE OFFICER ADRIAN THEOBALD, LIEUTENANT BOBO[1], POLICE OFFICER LUIS NARANJO, POLICE OFFICER LOUIS STEPHENSON, and POLICE OFFICER RAMIL CASIMIR, were duly

---

[1] Upon information and belief, on the date of Mr. Nixon's arrest, Lieutenant Bobo was at that time a Sergeant.

appointed and acting as an employees of the NYPD and at all times relevant they were state actors acting under color of law.

10. All the individual defendants named in this lawsuit are sued herein in their capacity as individuals.

**STATEMENT OF FACTS**

11. On January 13, 2018 late at night plaintiff arrived at his grandmother's apartment to find all the individual defendants present inside.

12. Defendants had a photograph of plaintiff's nephew, Ray Ray, and they demanded of plaintiff to know who the F... Ray Ray is.

13. Plaintiff responded truthfully that Ray Ray is his nephew and asked the defendants if they had a warrant to enter and search the apartment.

14. When the defendants refused to cooperate with the plaintiff and show him a warrant, the plaintiff asked the defendants to leave his grandmother's apartment.

15. When the defendants refused to leave, plaintiff took out his cell phone and proceeded to attempt to record the officers.

16. The defendant Sergeant Robert Martinez responded, "you think you bad, you want to disrespect your grandmother's house" and with Defendant Martinez taking lead in the situation, Mr. Nixon was seized and handcuffed by Defendant Police Officer Theobold, without probable cause or even a reasonable suspicion to believe he had committed or was about to commit a crime.

17. The defendants knew that plaintiff was not Ray Ray as they had the photograph of Ray Ray with them, and his looks are completely dissimilar to those of the plaintiff.

18. Plaintiff was brought out into the hallway for only a few seconds and a Chinese person, who may have been the complaining victim of a robbery at the hands of two men was there.

19. Despite the fact that the plaintiff was not identified, or even asked to be identified by the person in the hallway as one of the criminals, he was arrested.

20. The complaining victim had told the police that there was a shorter man, approximately his size (5'8"), who was a medium dark skinned African American who hit him and took his money and the food, and a taller accomplice who the complaining witness described as a head taller than the shorter man.

21. The complaining victim testified that the one who hit him and took the food was the shorter man and the one arrested was the taller man; plaintiff is approximately 5'8" tall he could not be, and was not, the tall accomplice to the crime.

22. The complaining victim at no time was shown a man fitting the description of the shorter man, i.e., the only defendant plaintiff could have been if he were in fact guilty.

23. Every defendant on the scene knew to a moral certainty, there was no connection between the plaintiff and the crime for which he was falsely arrested.

24. None of the officers exercised their affirmative duty to intervene and they all allowed and assisted in the illegal arrest.

25. Despite the fact that no identification was made, and in spite of the fact that plaintiff looks nothing like the person the defendants were looking for, plaintiff was brought to the 75th precinct in custody with the defendants indicating they were charging the plaintiff with having robbed the delivery man.

26. At the 75th precinct officers interrogated the plaintiff, telling him they would

release him without charges being brought if he provided them with information to help find guns in the neighborhood, of which he had no knowledge.

27. The false charges for which the defendants generated papers, and which were sent to the Office of the Kings County District Attorney, are as follows:

PL 160.10(1); robbery in the Second Degree a C Felony;

PL 160.10(2)(A); robbery in the Second Degree a C Felony;

PL 160.05; robbery in the Third Degree a Class D Felony;

PL 155.30(5); grand larceny in the Fourth Degree a Class E Felony;

PL 120.00(1)Assault in the third degree a Class A Misdemeanor;

PL 155.25Petit larceny a Class A misdemeanor

PL 165.40 Criminal Possession of Stolen Property in the Fifth Degree a Class A misdemeanor;

PL 110/120.00(1) Attempted Assault in the third degree a Class A Misdemeanor;

PL 120.15 Menacing in the third degree a Class B Misdemeanor;

PL 221.05 Unlawful possession of marihuana a Violation; and

PL 240.26(1) Harassment in the second degree a Violation.

28. Plaintiff remained in jail until he was arraigned on the false charges and he was released on his own recognizance approximately one day after his arrest

29. Plaintiff made court appearances on January 14, 2018, March 12, 2018, April 16, 2018, and on May 30, 2018, at which point the charges against him were dismissed and sealed by Motion of the Kings County District Attorney.

30. At no point in time was information obtained by the defendants inculpating the plaintiff in the crimes they alleged he had committed.

31. At no point in time did the complaining victim fail to cooperate with the police or the Office of the District Attorney, nor was he ever shown Mr. Nixon, who the police had no reason to suspect was one of the people who participated in robbing and assaulting the victim.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983**
**VIA FALSE ARREST**

32. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.
33. Plaintiff was subjected to a false arrest by the defendants.
34. Mr. Nixon's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and brought before this Court pursuant to 42 U.S.C. § 1983, due to his being falsely arrested by the defendants.
35. The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.
36. As a direct consequence of defendants' actions, the plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth Amendment as made applicable to the states via the Fourteenth Amendment of the United States Constitution and more particularly, his right to be free from arrest without probable cause.
37. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Nixon was subjected to being handcuffed, searched, confined, interrogated, insulted, humiliated, emotionally harmed and embarrassed and he was otherwise harmed.

38. All the defendants were aware there was no information connecting the plaintiff to the criminal acts alleged.

39. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S FOURTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS VIA DENIAL OF HIS RIGHT TO A FAIR TRIAL, i.e., DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS**

40. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

41. Mr. Nixon was denied his right to a fair trial i.e., he was subjected to a deprivation of liberty without due process in violation of the Fourth and Sixth Amendments as well as pursuant to the due process clause of the Fourteenth Amendment by Defendant Police Officer Theobold who created false information and provided that information to the District Attorney which was then used in plaintiff's prosecution.

42. All the defendants on the scene were aware that there was no probable cause to arrest the plaintiff.

43. The individual defendants fabricated and forwarded to prosecutors information they knew to be false and said false information was almost certain to influence a jury's verdict, and in so doing Mr. Nixon was denied his right to a fair trial and he was thereby damaged.

44. Defendants' actions resulted in the plaintiff being arrested, handcuffed, interrogated, being held in custody, being forced to appear in court, caused the plaintiff to endure fear of being sentenced to a lengthy term of imprisonment, he suffered, anxiety, he was defamed in his community, he incurred pecuniary harms and he were was otherwise harmed.

45. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum of not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION VIA MALICIOUS PROSECUTION**

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

47. Mr. Nixon's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to his being maliciously prosecuted by the defendants.

48. Plaintiff was subjected to a malicious prosecution by the defendants who caused and continued his arrest; without probable cause; the arrest was effected with malice; and the charges terminated in Mr. Nixon's favor via a dismissal upon motion of the District Attorney.

49. Defendants disingenuously informed the District Attorney that the plaintiff had committed crimes and generated and forwarded documents to the District Attorney which repeated the false allegations.

50. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being searched, being forced to appear in court four times, causing the plaintiff to endure the fear of going to jail, anxiety, he was interrogated, he was defamed in his community, he incurred pecuniary harms and he was otherwise harmed.

51. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOLATION OF THE FIRST, FOURTH, SIXTH AND**
**FOURTEENTH AMENDMENTS**
**AND 42 U.S.C.§ 1983**
**SUPERVISOR LIABILITY**

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

53. Defendants Sergeant Robert Martinez and Lieutenant (and at that time Sergeant) Bobo, are liable to the plaintiff for the violations of plaintiff's First, Fourth, Sixth and Fourteenth Amendment rights.

54. Due to their role as supervisors on the scene and their direct participation, they were at a bare minimum grossly negligent in failing to manage their subordinates who along with them caused the violations of plaintiff's rights.

55. Defendants Martinez and Bobo exhibited deliberate indifference by failing to act to prevent what they both saw and caused to happen.

56. By reason of Defendants Martinez and Bobo's failure to supervise their subordinates plaintiff was subjected to various harms indicated herein.

57. By reason of the aforesaid, the plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the defendants the plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOLATION OF THE FOURTH, SIXTH AND FOURTEENTH AMENDMENTS**
**AND 42 U.S.C.§ 1983**
**VIA A FAILURE TO INTERVENE**

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

59. All the defendant officers present are liable to the plaintiff in failing in their affirmative duty to intervene to prevent the violations of plaintiff's rights which occurred in their presence, due to their having a reasonable opportunity to intervene, and failing to do so.

60. By reason of the aforesaid, the plaintiff has been damaged in the sum of FIVE

HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the defendants the plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**AGAINST THE CITY OF NEW YORK,**
**i.e., MONELL CLAIM**

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

62. Pursuant to *Monell v. Department of Social Services,* 436 U.S. 658 (1978) the City of New York due to the inactions of its various official policy makers has failed to properly train or supervise subordinates, in the instant matter, in particular Sergeant Robert Martinez, who has an extensive history of civil rights violations.

63. Upon information and belief, despite the City of New York being made aware of Sergeant Martinez' extensive history of civil rights violations, NYC failed to punish, retrain, or terminate the defendant, allowing and causing plaintiff's civil rights to be violated.

64. Defendant Martinez' known, repeated, and consistent misconduct indicate NYC's involvement and acquiescence to the deprivation of citizens' rights.

65. NYPD officials were aware of this pattern of misconduct existing and they have failed to intervene and properly supervise Defendant Martinez and other officers, and thereby caused Mr. Nixon's civil rights to be violated.

66. NYC could not have been unaware of Defendant Martinez's misconduct, not least because of his being a named defendant in at least 15 settled or ongoing civil rights lawsuits, namely:

i Goins v. City of New York et al, 15CV07105, EDNY

ii Richardson v. The City Of New York, et al, 15CV00231, EDNY

iii McFarland v. The City of New York et al, 17CV04184, EDNY

iv Zeigler v. New York Police Commissioner, Bratton, William, et al., 17CV04639, EDNY

v Kemp et al v. The City of New York et al, 17CV05667, EDNY

vi McClarin v. The City of New York et al, 16CV06846, EDNY

vii Martinez et al v. City of New York et al, 16CV02460, EDNY

viii Ralph et al v. City of New York et al, 14CV04668, EDNY

ix J.C. v. City of New York et al, 14CV07292, EDNY

x Jordan v. City Of New York, et al., 007807/2013, Kings County Supreme Court

xi Allen et al v. The City of New York et al, 14CV03204, EDNY

xii Hurst v. City Of New York, et al., 13CV04517, EDNY

xiii Ford v. City Of New York, et al., 525100/2017, Kings County Supreme Court

xiv Dupree et al v. The City of New York et al, 12CV04392, EDNY

xv Watters et al. v. City of New York et al, 502965-2019, Kings County Supreme Court

67. As a direct result of this *de facto* policy of tolerating Sergeant Martinez' misconduct, in the instant matter he felt free to violate the plaintiff's civil rights without fear of punishment.

68. NYC's failure to train, supervise, and discipline members of the NYPD with a history of civil rights violations, and in particular Sergeant Martinez, led directly to the violations of plaintiff's civil rights.

69. The above delineated practices of the NYPD are so permanent and well settled as to constitute a custom or usage with the force of law.

70. These practices directly cause plaintiff's harms.

71. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum of not less than $500,000.00 THOUSAND (FIVE HUNDRED THOUSAND) DOLLARS and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**VIOLATION OF THE PLAINTIFF'S FIRST AMENDMENT RIGHTS**
**VIA A RETALIATORYARREST**

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

73. Plaintiff attempted to exercise his first amendment rights by recording the defendants' actions and questioning their illegal entry and search into his grandmother's apartment.

74. Defendants retaliated in arresting and causing the prosecution of the plaintiff, motivated by his exercising his first amendment rights; and defendants' actions effectively chilled the exercise of his first smendment rights as the plaintiff was taken into custody.

75. By reason of the aforesaid, the plaintiff has been damaged in the sum of FIVE

HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the defendants the plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE,** plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff's rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum of not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the defendants in amounts to be determined at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 11, 2021

/s/

Fred Lichtmacher
The Law Office of Fred Lichmacher P.C.
Attorney for Plaintiff
116 west 23rd Street
New York, New York 10011
Tel. No. (212) 922-9066

To: The City of New York
Mary Beth Allen-Kecht, Senior Corporation Counsel
Corporation Counsel
100 Church Street New York, NY 10007
mallenk@law.nyc.gov

To: Sergeant Robert Martinez
formerly of the 75th Precinct
c/o Mary Beth Allen-Kecht, Senior Corporation Counsel
Corporation Counsel
100 Church Street New York, NY 10007
mallenk@law.nyc.gov

To: SERGEANT BOBO
75th Precinct
1000 Sutter Avenue
Brooklyn, NY, 11208-3553

To: POLICE OFFICER LUIS NARANJO, SHIELD No. 29890,
POLICE OFFICER LOUIS STEPHENSON, SHIELD No. 30662,
POLICE OFFICER RAMIL CASIMIR, SHIELD No. 11100, and
POLICE OFFICER NOEL DAMICO, SHIELD No. 12566
all of the 75th Precinct
1000 Sutter Avenue
Brooklyn, NY, 11208-3553